UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DERRICK L. DAVIS,<br><br>Defendant. | Case No. 22-CR-189-JPS<br><br>**ORDER** |

On September 27, 2022, the Government filed a single-count Indictment charging Defendant Derrick L. Davis ("Defendant") with violations of 18 U.S.C. §§ 922(d)(1) and 924(a)(2). ECF No. 1. The case was assigned to Magistrate Judge Stephen C. Dries for pretrial processing. Defendant filed a motion to dismiss the single count of the Indictment; Magistrate Judge Dries recommended that motion be denied. ECF Nos. 15, 31.[1] On March 28, 2023, the parties filed a plea agreement indicating that Defendant would plead guilty to the single count alleged in the Indictment. ECF No. 35.

The parties appeared before Magistrate Judge Stephen C. Dries on April 18, 2023 to conduct a plea colloquy pursuant to Federal Rule of Criminal Procedure 11. ECF No. 38. Defendant entered a plea of guilty as to Count One of the Indictment. *Id.* After cautioning and examining Defendant under oath concerning each of the subjects mentioned in Rule 11, Magistrate Judge Dries determined that the guilty plea was knowing

---

[1]Defendant also filed a pretrial motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), ECF No. 14, which Magistrate Judge Dries denied, ECF No. 30.

and voluntary, and that the offense charged was supported by an independent factual basis containing each of the essential elements of the offense. *Id.*

The same day, Magistrate Judge Dries filed a Report and Recommendation with this Court, recommending that: (1) Defendant's plea of guilty be accepted; (2) a presentence investigation report be prepared; and (3) Defendant be adjudicated guilty and have a sentence imposed accordingly. ECF No. 39. Pursuant to General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Criminal Procedure 59(b), the parties were advised that written objections to that recommendation, or any part thereof, could be filed within fourteen days of the date of service of the recommendation. *Id.* at 1–2. To date, no party has filed such an objection. The Court has considered Magistrate Judge Dries's recommendation and, having received no objection thereto, will adopt it.

Defendant's motion to dismiss the single count in the Indictment has been rendered moot by his plea agreement. The time periods for filing objections to Magistrate Judge Dries's Report and Recommendation thereon and to the denial of his motion for a *Franks* hearing have both expired. *See* Fed. R. Crim. P. 59 *and* text orders dated March 3, March 17, and March 27, 2023. The Court will therefore deny the motion to dismiss as moot. The motion for a *Franks* hearing will stand denied.

Finally, the parties' joint motion to adjourn and reset the sentencing date will be granted and the sentencing in this matter will be reset to the date and time the parties have requested. ECF No. 37.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Stephen C. Dries's Report and Recommendation, ECF No. 39, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Defendant Derrick L. Davis's motion to dismiss Count One of the Indictment, ECF No. 15, be and the same hereby is **DENIED as moot**;

**IT IS FURTHER ORDERED** that the parties' joint motion to adjourn and reschedule the sentencing in this matter, ECF No. 37, be and the same hereby is **GRANTED**; and

**IT IS FURTHER ORDERED** that the sentencing hearing in this matter is set for **Friday, August 11, 2023 at 10:00 a.m.** in Courtroom 425, 517 E. Wisconsin Ave., Milwaukee, WI 53202.

Dated at Milwaukee, Wisconsin, this 5th day of May, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge